**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CRISTINA P. VALENTINE, ESQ. (#16440)
3005 West Horizon Ridge Pkwy., Suite 241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cristina@lagomarsinolaw.com
*Attorneys for Plaintiff Kara Jenkins*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KARA JENKINS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA *ex rel.* DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION, a State of Nevada Department; and STATE OF NEVADA *ex rel.* THE OFFICE OF THE GOVERNOR, a State of Nevada agency;<br><br>Defendants. | Case No.: 2:25-cv-01061-APG-EJY<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(B)** |

Pursuant to FRCP 26(f) and LR 26-1, the parties, by and through their respective counsel, hereby stipulate to, and propose, the following *Discovery Plan and Scheduling Order*.

**1.  Fed. R. Civ. P. 26(f) Meeting**

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on July 24, 2025 and was attended by the following:

- CRISTINA P. VALENTINE, ESQ. of LAGOMARSINO LAW for Plaintiff; and
- CAMERON P. VANDENBERG, ESQ. of THE ATTORNEY GENERAL'S OFFICE for Defendants STATE OF NEVADA *ex rel.* DEPARTMENT OF EMPLOYMENT, TRAINING & REHABILITATION and STATE OF NEVADA *ex rel.* THE OFFICE OF THE GOVERNOR.

. . .

**2.    Changes to Pre-Discovery Disclosures**

Pursuant to FRCP 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that disclosures under FRCP 26(a) shall be due on or before Thursday, August 7, 2025,[1] including, but not limited, to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii).

**3.    Areas of Discovery**

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

All parties reserve all rights.

**4.    Issues with Electronically Stored Information**

The parties stipulate that there are currently no issues pertaining to the disclosure, discovery, or preservation of electronically stored information. The parties anticipate, however, that this case will involve or require the inspection or production of electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as an image (e.g., pdf, jpg, or tiff), or via hard electronic copy (e.g., CD-ROM, DVD, Dropbox.com), or in native formats when requested. The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and readable) format.

**5.    Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent disclosure of any document (or information)

---

[1] 14 days from July 24, 2025.

that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document shall promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the court denying such privilege.

**6.     Electronic Filing and <u>Electronic Service</u>**

All attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court. Moreover, to create an expeditious and efficient manner of service of the above-captioned litigation, the parties hereby consent to electronic service pursuant to FRCP 5(b)(2)(E). As such, when any of the undersigned parties wish to serve a discovery related document, that party shall effectuate service of the document to the following email addresses:

| PARTY | FIRM NAME | EMAIL ADDRESSES |
|---|---|---|
| Plaintiff | Lagomarsino Law | AML@lagomarsinolaw.com<br>Cristina@lagomarsinolaw.com<br>Moira@lagomarsinolaw.com<br>fileclerk@lagomarsinolaw.com |
| Defendants | Nevada Office of the Attorney General | cvandenberg@ag.nv.gov<br>gtan@ag.nv.gov<br>kstenberg@ag.nv.gov<br>akaheaku@ag.nv.gov |

The parties further stipulate that e-mail service shall not be considered effective if not all contacts listed above are included in the e-mail service.

**7.    Discovery Plan**

The parties propose the following discovery plan, noting that the first appearance made in this Court, was by way of Defendants filing their Notice of Removal on June 16, 2025.

**a.    Close of Discovery Date**

The parties herein stipulate that the discovery period shall be one hundred and eighty (180) days from June 16, 2025. Therefore, the close of discovery shall be <u>Monday, December 15, 2025</u>.[2]

**b.    Amending the Pleadings or Adding Parties**

The parties shall have until <u>Tuesday, September 16, 2025</u>, to file any motions to amend the pleadings or to add parties. This is ninety (90) days prior to the close of discovery.

**c.    FRCP 26(a)(2) Disclosure of Experts**

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2)(D) and LR 26-1(b)(3) as follows:

- The disclosure of experts and their reports shall occur on or before <u>Thursday, October 16, 2025</u>, which is sixty (60) days before the discovery cut-off date.
- The disclosure of rebuttal experts and their reports shall occur on or before <u>Monday, November 17, 2025</u>[3] which is thirty (30) days after the initial disclosure of experts.

**d.    Dispositive Motions**

The parties shall have until <u>Wednesday, January 14, 2026,</u> to file dispositive motions. This is thirty (30) days after the discovery cut-off date, as required by LR 26-1(b)(4).

...

---

[2] The deadline falls on December 13, 2025, which is a Saturday. As a result, this deadline extends to the next court day of Monday, December 15, 2025, by operation of FRCP 6.

[3] The deadline falls on November 15, 2025, which is a Saturday. As a result, this deadline extends to the next court day of Monday, November 17, 2025, by operation of FRCP 6.

### e. Pre-Trial Order

The parties will prepare a consolidated Pre-Trial Order on or before <u>Friday, February 13, 2026</u>, which is not more than thirty (30) days after the date set for filing dispositive motions in this case, as required by LR 26-1(b)(5). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

### f. Modifications of the Discovery Plan and Scheduling Order

LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court, or at least twenty-one (21) days prior to the expiration of the subject deadline.

## 8. Certifications

Lastly, pursuant to LR 26-1(b)(7-9), the parties certify as follows:

### a. Alternative Dispute Resolution

That they met and conferred about the possibility of using alternative dispute-resolution process including mediation or arbitration. Given that the subject lawsuit is an employment matter, the parties anticipate participation in the Early Neutral Evaluation program.

### b. Alternative Forms of Case Disposition

That they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties withhold their mutual consent to such forms of alternative case disposition.

...

...

...

...

...

      **c.**    **Electronic Evidence**

That they discussed whether they intend to present evidence in electronic format to jurors for the purposed of the jury deliberations and that no stipulations have been reached as of the filing of this plan regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system.

**IT IS SO STIPULATED AND AGREED.**

DATED this 24th day of July, 2025.      DATED this 24th day of July, 2025.

**LAGOMARSINO LAW**      **ATTORNEY GENERAL**

*/s/ Cristina P. Valentine, Esq.*      */s/ Cameron P. Vandenberg, Esq.*
ANDRE M. LAGOMARSINO, ESQ. (#6711)    CAMERON P. VANDENBERG, ESQ. (#4356)
CRISTINA P. VALENTINE, ESQ. (#16440)    GERALD L. TAN, ESQ. (#13596)
3005 W. Horizon Ridge Pkwy., #241      5420 Kietzke Lane.,#202
Henderson, Nevada 89052      Reno, Nevada 89511
Telephone: (702) 383-2864      Telephone: (775) 687-2132
*Attorneys for Plaintiff Kara Jenkins*      *Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 24, 2025